No. 116,544

In the Matter of TERRI L. FAHRENHOLTZ,
*Respondent*.

ORIGINAL PROCEEDING IN DISCIPLINE

Original proceeding in discipline. Opinion filed April 14, 2017. Disbarment.

*Stanton A. Hazlett*, Disciplinary Administrator, argued the cause, and *Michael R. Serra*, Deputy Disciplinary Administrator, was on the formal complaint for the petitioner.

Respondent did not appear.

*Per Curiam*: This is an uncontested original proceeding in discipline filed by the office of the Disciplinary Administrator against respondent, Terri L. Fahrenholtz, of Fargo, North Dakota, an attorney admitted to the practice of law in Kansas in 2009.

On March 22, 2016, the office of the Disciplinary Administrator filed a formal complaint against respondent alleging violations of the Kansas Rules of Professional Conduct (KRPC). Respondent did not file an answer. A hearing was held on the complaint before a panel of the Kansas Board for Discipline of Attorneys on May 24, 2016, at which the respondent did not appear in person or by counsel. The hearing panel determined that respondent violated KRPC 1.1 (2017 Kan. S. Ct. R. 287) (competence); 1.3 (2017 Kan. S. Ct. R. 290) (diligence); 1.4(a) (2017 Kan. S. Ct. R. 291) (communication); 1.15(a) (2017 Kan. S. Ct. R. 326) (safekeeping property); 1.16 (2017 Kan. S. Ct. R. 331) (termination of representation); 3.2 (2017 Kan. S. Ct. R. 341) (expediting litigation); and Kansas Supreme Court Rule 211(b) (2017 Kan. S. Ct. R. 251) (failure to file answer in disciplinary proceeding).

1

Upon conclusion of the hearing, the panel made the following findings of fact and conclusions of law, together with its recommendation to this court:

"*Findings of Fact*

. . . .

"6.     On May 7, 1999, the Minnesota Supreme Court admitted the respondent to the practice of law in the State of Minnesota. On September 1, 2015, the Minnesota Supreme Court suspended the respondent's license to practice law in Minnesota. The respondent's license to practice law in Minnesota remain[s] suspended.

"7.     On May 2, 2006, the North Dakota Supreme Court admitted the respondent to the practice of law in the State of North Dakota. On May 7, 2015, the North Dakota Supreme Court entered an order disbarring the respondent from the practice of law in the State of North Dakota. The respondent remains disbarred in North Dakota.

"8.     The Kansas Supreme Court admitted the respondent to the practice of law in the State of Kansas on September 29, 2009. On September 14, 2012, the Kansas Supreme Court entered an order suspending the respondent's license to practice law for failing to comply with the annual licensing requirements. The respondent's license to practice law in Kansas remains suspended.

"9.     In June 2013, the respondent stopped practicing law. Thereafter, a number of respondent's clients filed complaints with the disciplinary counsel in North Dakota against the respondent. A disciplinary investigation in North Dakota ensued.

"10.     On March 21, 2014, the respondent submitted to a deposition in the attorney disciplinary case pending in North Dakota.

"11.     On June 26, 2014, disciplinary counsel in North Dakota filed a Petition for Discipline. On November 17, 2014, a hearing on the Petition was scheduled for

2

January 13, 2015. Thereafter, on November 26, 2014, disciplinary counsel filed an Amended Petition for Discipline.

"12.     On January 13, 2015, the disciplinary board of the Supreme Court of the State of North Dakota held a hearing on the Amended Petition for Discipline filed against the respondent. After proper notice, the respondent failed to appear. Thereafter, on March 12, 2015, the disciplinary board of the Supreme Court of the State of North Dakota entered findings of fact, conclusions of law, and a recommendation for discipline, regarding the respondent, as follows:

'Terri L. Fahrenholtz ("Fahrenholtz") failed to submit Answers to either the Petition for Discipline or Amended Petition for Discipline. As a result, the allegations contained within the Amended Petition for Discipline have been deemed admitted.

'Fahrenholtz did not appear for the Hearing on the Amended Petition for Discipline to be heard in mitigation.

'Gary Ficek was appointed as the professional trustee to review Fahrenholtz's files, to inventory the status of her cases, and to take actions to communicate with her clients regarding their files.

'Fahrenholtz[] did not dispute the appointment of Ficek to serve as the professional trustee for her practice.

'Fahrenholtz became licensed to practice law in North Dakota in 2006.

'Fahrenholtz started practicing as a solo-practitioner with Midwest Law LLC after the Brennan Law Group downsized.

3

'Fahrenholtz continued practicing with the assistance of one secretary. Fahrenholtz had not wanted to be a solo-practitioner and struggled to maintain her solo-practice. Eventually, Fahrenholtz had to let her secretary go.

'Fahrenholtz put her office files into a storage unit. Those files were reviewed by the professional trustee.

'Fahrenholtz's client files, including the amount of work done within the client files and organization of those files deteriorated as time went on. Further back in time, she had fee agreements with clients, and task lists within the client files, but closer to the time when she left the practice, Fahrenholtz's files became chaotic.

'Fahrenholtz was occasionally cooperative with the professional trustee. She participated when she needed access to her storage unit, but otherwise missed a few appointments with Ficek and was not always responsive to emails or telephone calls.

'Fahrenholtz represented [J.B.] in a personal injury case. [J.B.] was not able to get in touch with Fahrenholtz to determine whether the Summons and Complaint had been served in her case and to obtain a copy of it.

'Fahrenholtz represented [J.C.] in a Social Security Disability case. [J.C.] was unable to communicate with Fahrenholtz to determine the results of her hearing before an Administrative Law Judge.

'Fahrenholtz represented [L.E.] [in] a Social Security Disability case. Fahrenholtz was supposed to have filed an appeal on [L.E.]'s behalf. [L.E.] was unable to discuss the status

4

of her appeal with Fahrenholtz because she could not get in touch with her.

'Fahrenholtz was also supposed to have represented [L.E.] in a bankruptcy case, but there was nothing within [L.E.]'s file showing that a bankruptcy case had been started. [L.E.] paid Fahrenholtz a $200 retainer for the bankruptcy that was not deposited into [an] IOLTA account. Fahrenholtz did not refund the retainer to [L.E.].

'Fahrenholtz represented [H.G.] as a plaintiff in a medical malpractice case. The professional trustee was unable to locate anything within the file to indicate that a lawsuit had been commenced. The statute of limitations had passed, so [H.G.]'s case was no longer viable.

'Fahrenholtz represented [T.H.] as a plaintiff in a medical malpractice case. [T.H.] experienced difficulties in communicating with Fahrenholtz regarding what was happening in her case and was ultimately informed by Fahrenholtz that her case was dead.

'Fahrenholtz represented [H.H.] in a Social Security Disability case. Fahrenholtz was supposed to have filed an appeal on [H.H.]'s behalf. [H.H.] was unable to discuss the status of her appeal with Fahrenholtz because she could not get in touch with her.

'Fahrenholtz represented [M.K.] in a Social Security Disability case. [M.K.] had to start a new application for Social Security Disability which affected the disability benefits that he was entitled to claim.

5

'Fahrenholtz represented [R.L.] in a Social Security disability case. Fahrenholtz was supposed to have filed an appeal on [R.L.]'s behalf. [R.L.] was unable to contact Fahrenholtz to get an update on the status of his appeal.

'Fahrenholtz represented [B.W.] in a Social Security Disability case. Fahrenholtz failed to attend one of [B.W.]'s hearings and serve as her advocate. Fahrenholtz also failed to provide updated medical records as evidence before a hearing of [B.W.]'s.

'Fahrenholtz represented [M.E.] in a Social Security Disability case. Fahrenholtz was supposed to have filed a case on [M.E.]'s behalf in federal court. He completed the necessary paperwork, but no federal court action was ever started. [M.E.] was unable to get in touch with Fahrenholtz to determine the status of his case.

'Fahrenholtz had letters [in] her files noting the change of her office location toward the end of her practice consistently throughout her client files, but had nothing within her client files letting her clients know that she was leaving practice. Additionally, there were not substitutions of counsel or letters sending client files anywhere.

'Fahrenholtz abandoned her practice of law.

'In doing so, Fahrenholtz caused serious or potentially serious injury to her clients.

'The allegations within the Amended Petition for Discipline are deemed to have been admitted because Fahrenholtz failed to submit a response to the allegations. N.D.R. Lawyer Discipl. 3.1(E)(2).

6

'Fahrenholtz violated Rule 1.1, N.D.R. Prof. Conduct, by failing to be as thorough and prepared as was reasonably necessary for representation.

'Fahrenholtz violated Rule 1.3, N.D.R. Prof. Conduct, by failing to act with reasonable diligence and promptness in representing her clients.

'Fahrenholtz violated Rule 1.4, N.D.R. Prof. Conduct, by failing to make reasonable efforts to keep clients reasonably informed about the status of their cases and failing to promptly comply with requests for information.

'Fahrenholtz violated Rule 1.15(a), N.D.R. Prof. Conduct, by failing to hold a client's property that is in a lawyer's possession in connection with representation separate from the lawyer's own property.

'Fahrenholtz violated Rule 1.16(e), N.D.R. Prof. Conduct [*sic*] by failing to reasonably protect a client's interests [*sic*] upon termination of her representation and by failing to refund any advanced fee that had not been earned or incurred.

'Fahrenholtz violated Rule 3.2, N.D.R. Prof. Conduct, by failing to expedite litigation consistent with the interest of the client.

'Based upon the North Dakota Standards for Imposing Lawyer Sanctions, Fahrenholtz caused her clients serious injury when she abandoned the practice of law. Accordingly, it is recommended that Fahrenholtz be disbarred from the practice of law.'

"13.     On May 7, 2015, the Supreme Court of North Dakota entered an order disbarring the respondent from the practice of law in North Dakota.

"14.     The disciplinary administrator's office docketed a complaint against the respondent. Thereafter, on June 5, 2015, Kate F. Baird, deputy disciplinary administrator, mailed a letter to the respondent requesting a written response to the complaint. The letter was returned to the disciplinary administrator's office. Thereafter, the letter was forwarded to a new address. Two additional letters were forwarded to the respondent's attention requesting a response to the complaint. The respondent did not provide a response to the complaint as directed.

"15.     On March 22, 2016, Mr. Serra filed the formal complaint. Mr. Serra mailed a copy of the formal complaint, notice of hearing, witness and exhibit list, and copy of the exhibits, via certified delivery, to the respondent at all known addresses, including the last registered address. The respondent did not file an answer to the formal complaint.

"16.     In the days leading up to the hearing, Special Investigator Terry L. Morgan attempted to reach the respondent by phone and email. Investigator Morgan was unsuccessful.

"17.     On May 24, 2016, the hearing panel conducted a hearing on the formal complaint. The respondent did not appear.

"*Conclusions of Law*

"18.     Based upon the findings of fact, the hearing panel concludes as a matter of law that the respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 1.16, KRPC 3.2, and Kan. Sup. Ct. R. 211, as detailed below.

"19.     The respondent failed to appear at the hearing on the formal complaint. It is appropriate to proceed to hearing when a respondent fails to appear only if proper

8

service was obtained. Kan. Sup. Ct. R. 215 governs service of process in disciplinary proceedings. That rule provides, in pertinent part as follows:

> '(a)  Service upon the respondent of the formal complaint in any disciplinary proceeding shall be made by the Disciplinary Administrator, either by personal service or by certified mail to the address shown on the attorney's most recent registration, or at his or her last known office address.
>
> . . . .
>
> '(c)  Service by mailing under subsection (a) or (b) shall be deemed complete upon mailing whether or not the same is actually received.'

In this case, the disciplinary administrator complied with Kan. Sup. Ct. R. 215(a) by sending a copy of the formal complaint and the notice of hearing, *via* certified United States mail, postage prepaid, to the address shown on the respondent's most recent registration. Additionally, the disciplinary administrator sent a copy of the formal complaint and notice of hearing to other addresses as discovered during the investigation. The hearing panel concludes that the respondent was afforded the notice that the Kansas Supreme Court Rules require and more.

"KRPC 1.1

"20.  Lawyers must provide competent representation to their clients. KRPC 1.1. 'Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation.' The respondent violated KRPC 1.1 by failing to be as thorough and prepared as was reasonably necessary for the representation of her clients. Accordingly, the hearing panel concludes that the respondent violated KRPC 1.1.

9

## "KRPC 1.3

"21.     Attorneys must act with reasonable diligence and promptness in representing their clients. *See* KRPC 1.3. The respondent violated KRPC 1.3 by failing to act with reasonable diligence and promptness in representing her clients. Because the respondent failed to act with reasonable diligence and promptness in representing [her] client, the hearing panel concludes that the respondent violated KRPC 1.3.

## "KRPC 1.4

"22.     KRPC 1.4(a) provides that '[a] lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.' The respondent violated KRPC 1.4 by failing to make reasonable efforts to keep clients reasonably informed about the status of their cases and failing to promptly comply with requests for information. As such, the hearing panel concludes that the respondent violated KRPC 1.4(a).

## "KRPC 1.15

"23.     Lawyers must keep the property of their clients safe. *See* KRPC 1.15. The respondent violated KRPC 1.15(a) by failing to hold her client's property that was in her possession in connection with representation separate from her own property. Therefore, the hearing panel concludes that the respondent violated KRPC 1.15(a).

## "KRPC 1.16

"24.     KRPC 1.16 requires lawyers to take certain steps to protect clients after the representation has been terminated. The respondent violated KRPC 1.16 by failing to reasonably protect her clients' interests upon termination of her representation and by failing to refund advanced fees that were not earned or incurred. Thus, the hearing panel concludes that the respondent violated KRPC 1.16.

"25.    An attorney violates KRPC 3.2 if she fails to make reasonable efforts to expedite litigation consistent with the interests of her client. The respondent violated KRPC 3.2 by failing to expedite litigation consistent with the interests of her clients. Accordingly, the hearing panel concludes that the respondent violated KRPC 3.2.

"Kan. Sup. Ct. R. 211(b)

"26.    The Kansas Supreme Court Rules require attorneys to file answers to formal complaints. Kan. Sup. Ct. R. 211(b) provides the requirements:

'The respondent shall serve an answer upon the Disciplinary Administrator within twenty days after the service of the complaint unless such time is extended by the Disciplinary Administrator or the hearing panel.'

Kan. Sup. Ct. R. 211(b). Because the respondent failed to file an answer to the formal complaint, the hearing panel concludes that the respondent violated Kan. Sup. Ct. R. 211(b).

"*American Bar Association*
*Standards for Imposing Lawyer Sanctions*

"27.    In making this recommendation for discipline, the hearing panel considered the factors outlined by the American Bar Association in its Standards for Imposing Lawyer Sanctions (hereinafter 'Standards'). Pursuant to Standard 3, the factors to be considered are the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors.

"28.    *Duty Violated.*  The respondent violated her duty to competently and diligently represent her clients. The respondent also violated her duty to her clients to

11

provide reasonable communication. The respondent violated her duty to her clients to properly safeguard their property.

"29.    *Mental State*.  The respondent knowingly violated her duties.

"30.    *Injury*.  As a result of the respondent's misconduct, the respondent caused actual and serious injury to her clients.

"Aggravating and Mitigating Factors

"31.    Aggravating circumstances are any considerations or factors that may justify an increase in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following aggravating factors present:

"32.    *Prior Disciplinary Offenses*.  Regarding the same facts alleged in this case, the North Dakota Supreme Court disbarred the respondent.

"33.    *Multiple Offenses*.  The respondent committed multiple rule violations. The respondent violated KRPC 1.1, KRPC 1.3, KRPC 1.4, KRPC 1.15, KRPC 1.16, and Kan. Sup. Ct. R. 211(b). Accordingly, the hearing panel concludes that the respondent committed multiple offenses.

"34.    *Bad Faith Obstruction of the Disciplinary Proceeding by Intentionally Failing to Comply with Rules or Orders of the Disciplinary Process*.  The respondent failed to cooperate during the investigation, the respondent failed to file an answer to the formal complaint, and the respondent failed to appear at the hearing on the formal complaint.

"35.    *Substantial Experience in the Practice of Law*.  Respondent has been an attorney since 1999. She was licensed to practice in three states. Thus, the hearing panel concludes that the respondent had substantial experience in the practice of law.

12

"36.     *Indifference to Making Restitution*.  The respondent caused injury to many clients. Further, there is no record of the respondent making restitution to any of the injured clients. The hearing panel notes that the only evidence presented as to the specific damage suffered by a client was Exhibit 25. Exhibit 25 is a copy of an order for default judgment and judgment on damages entered by the East Central Judicial District of Cass County, North Dakota, against the respondent and in favor of M.K. in the total amount of $76,311.48.

"37.     Mitigating circumstances are any considerations or factors that may justify a reduction in the degree of discipline to be imposed. In reaching its recommendation for discipline, the hearing panel, in this case, found the following mitigating circumstances present:

"38.     *Absence of a Dishonest or Selfish Motive*.  The respondent's misconduct does not appear to have been motivated by dishonesty or selfishness.

"39.     *Personal or Emotional Problems if Such Misfortunes Have Contributed to Violation of the Kansas Rules of Professional Conduct*.  The respondent suffers from mental and physical infirmities. It is clear that the respondent's health issues contributed to her misconduct. The respondent went through a difficult divorce at the time the misconduct occurred. The divorce also had a negative impact on the respondent's ability to practice law.

"40.     *Imposition of Other Penalties or Sanctions*.  The respondent has experienced other sanctions for her conduct. The North Dakota Supreme Court disbarred the respondent for the misconduct alleged in this case.

"41.     In addition to the above-cited factors, the hearing panel has thoroughly examined and considered the following Standards:

'4.41     Disbarment is generally appropriate when:

(a)     a lawyer abandons the practice and causes serious or potentially serious injury to a client; or

(b)     a lawyer knowingly fails to perform services for a client and causes serious or potentially serious injury to a client; or

(c)     a lawyer engages in a pattern of neglect with respect to client matters and causes serious or potentially serious injury to a client.'

"*Recommendation*

"42.     Based upon the facts and rules violated, the discipline imposed in North Dakota, and the respondent's failure to appear at the hearing, the disciplinary administrator recommended that the respondent be disbarred.

"43.     Accordingly, based upon the findings of fact, conclusions of law, and the Standards listed above, the hearing panel unanimously recommends that the respondent be disbarred. The hearing panel further recommends that prior to applying for reinstatement, the respondent should be required to establish that she has satisfied the judgment entered against her and in favor of M.K.

"44.     Costs are assessed against the respondent in an amount to be certified by the Office of the Disciplinary Administrator."

## DISCUSSION

In a disciplinary proceeding, this court considers the evidence, the findings of the disciplinary panel, and the arguments of the parties and determines whether violations of KRPC exist and, if they do, what discipline should be imposed. Attorney misconduct

14

must be established by clear and convincing evidence. *In re Foster*, 292 Kan. 940, 945, 258 P.3d 375 (2011); see Supreme Court Rule 211(f) (2017 Kan. S. Ct. R. 251). Clear and convincing evidence is "'evidence that causes the factfinder to believe that "the truth of the facts asserted is highly probable."'" *In re Lober*, 288 Kan. 498, 505, 204 P.3d 610 (2009) (quoting *In re Dennis*, 286 Kan. 708, 725, 188 P.3d 1 [2008]).

Respondent was given adequate notice of the formal complaint, to which she did not file an answer. Respondent was also given adequate notice of the hearing before the panel for which she did not appear in person or by counsel. She filed no exceptions to the hearing panel's final hearing report. With no exceptions before us, the panel's findings of fact are deemed admitted. Supreme Court Rule 212(c), (d) (2017 Kan. S. Ct. R. 255). Furthermore, the evidence before the hearing panel establishes the charged misconduct in violation of KRPC 1.1 (2017 Kan. S. Ct. R. 287) (competence); 1.3 (2017 Kan. S. Ct. R. 290) (diligence); 1.4(a) (2017 Kan. S. Ct. R. 291) (communication); 1.15(a) (2017 Kan. S. Ct. R. 326) (safekeeping property); 1.16 (2017 Kan. S. Ct. R. 331) (termination of representation); 3.2 (2017 Kan. S. Ct. R. 341) (expediting litigation); and Kansas Supreme Court Rule 211(b) (2017 Kan. S. Ct. R. 251) (failure to file answer in disciplinary proceeding) by clear and convincing evidence and supports the panel's conclusions of law. We therefore adopt the panel's findings and conclusions.

The only remaining issue before us is the appropriate discipline for respondent's violations. At the panel hearing, the office of the Disciplinary Administrator recommended that the respondent be disbarred. The hearing panel unanimously recommended that the respondent be disbarred.

The Clerk of the Appellate Courts sent notices of the hearing before this court via certified mail to respondent's last known addresses. The mailings were returned as unaccepted, and respondent did not appear at this court's hearing, either in person or by counsel. There, the Disciplinary Administrator recommended that the respondent be

15

disbarred. We agree with the recommendation of both the Disciplinary Administrator and the panel, and we hold that respondent is to be disbarred from the practice of law in the state of Kansas.

CONCLUSION AND DISCIPLINE

IT IS THEREFORE ORDERED that Terri L. Fahrenholtz be and she is hereby disbarred in accordance with Supreme Court Rule 203(a)(1) (2017 Kan. S. Ct. R. 234), effective upon the date of the filing of this opinion.

IT IS FURTHER ORDERED that the costs of these proceedings be assessed to respondent and that this opinion be published in the official Kansas Reports.

LUCKERT, J., not participating.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 116,544 vice Justice Luckert under the authority vested in the Supreme Court by K.S.A. 20-2616.